Belknap, }
May 5, 1936. }

STATE *v.* HERMAN E. JOHNSON.

*Theo S. Jewett* (Solicitor, by brief), for the State.

*Tilton & Tilton* (by brief), for the defendant.

*Per Curiam.* A copy of the record of the certificate of birth of the child resulting from the crime was in evidence. The certificate stated the father's name to be unknown. The court excluded argument that the statements in the certificate were chargeable to the child's

mother. The record here does not show who filed the certificate. Assuming that it was the doctor who attended the mother at the child's birth, there is no record that he obtained his information from the mother rather than from members of her family or that he inquired for the father's name. Accordingly, no reliable evidence appears that the mother furnished the information given the doctor and told him that she did not know who the child's father was. The exception to the exclusion of the argument is unavailing. *Slocinski* v. *Radwan*, 83 N. H. 501, 508.

The record shows an exception taken to the argument for the state. As it was not taken to any ruling of the court sanctioning the argument, either expressly or impliedly, it is invalid. *Tuttle* v. *Dodge*, 80 N. H. 304, 312; *McQuaid* v. *Michou*, 85 N. H. 299, 307, and cases cited; *Noel* v. *Lapointe*, 86 N. H. 162.

It may be observed that the result would apparently be unchanged, had the argument been allowed and exception taken to the allowance. Language equal if not stronger in force, in arousing jurors to a proper sense of duty, was held not to be legally prejudicial in *State* v. *Small*, 78 N. H. 525, and in *State* v. *Dinagan*, 79 N. H. 7. See also *State* v. *Hinton*, 84 N. H. 75, 81.

*Exceptions overruled.*

PAGE, J., did not sit.